# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

Bureau of Consumer Financial Protection,

        Plaintiff,

        v.

Village Capital & Investment LLC,

        Defendant.

Case Number  2:18-cv-02304-JCM-GWF

STIPULATED FINAL JUDGMENT
AND ORDER

     The Bureau of Consumer Financial Protection ("Bureau") commenced this civil action on December 4, 2018, to obtain injunctive relief, consumer redress, and civil penalties from Village Capital & Investment LLC. The Complaint alleges violations of §§ 1031, 1036 of the Consumer Financial Protection Act of 2010 ("CFPA") in connection with Defendant's misleading representations to consumers regarding the extension of credit, including misstating (1) the future principal owed on a mortgage loan if the consumer does not refinance; (2) the future monthly payments if the consumer does refinance; and (3) the amounts the consumer would owe on the existing and refinanced loans.

     The Bureau and Defendant agree to entry of this Stipulated Final Judgment and Order ("Order"), without adjudication of any issue of fact or law, to settle and resolve all matters in dispute arising from the conduct alleged in the Complaint.

## **FINDINGS**

     1.     This Court has jurisdiction over the parties and the subject matter of this action under 12 U.S.C. § 5565(a)(1) and 28 U.S.C. §§ 1331, 1345.

     2.     Venue in the District of Nevada is proper under 12 U.S.C. § 5564(f).

3. Defendant neither admits nor denies any allegations in the Complaint, except as specified in this Order. For purposes of this Order, Defendant admits the facts necessary to establish the Court's jurisdiction over it and the subject matter of this action.

4. Defendant waives all rights to seek judicial review or otherwise challenge or contest the validity of this Order and any claim it may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action to the date of this Order. Each Party agrees to bear its own costs and expenses, including, without limitation, attorneys' fees.

5. Entry of this Order is in the public interest.

## **DEFINITIONS**

6. The following definitions apply to this Order:

a. **"Affected Consumer"** means any consumer who received an in-home sales presentation by the employees of Defendant's San Antonio office and refinanced a mortgage with Defendant.

b. **"Board"** means Defendant's duly-elected and acting Board of Directors.

c. **"Defendant"** means Village Capital & Investment LLC and its successors and assigns.

d. **"Effective Date"** means the date on which the Order is entered on the docket.

e. **"Enforcement Director"** means the Assistant Director of the Office of Enforcement for the Bureau of Consumer Financial Protection, or his or her delegee.

f. **"Fees"** means all out-of-pocket expenses paid to Defendant by the Affected Consumer at the time of closing and retained by Defendant, including but not limited to loan-origination fees.

g.    **"Related Consumer Action"** means a private action by or on behalf of one or more consumers or an enforcement action by another governmental agency brought against Defendant based on substantially the same facts as described in the Complaint.

## ORDER

### CONDUCT RELIEF

### I. Prohibition on Deceptive Practices

**IT IS ORDERED** that:

7.    Defendant and its officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with them who have actual notice of this Order, whether acting directly or indirectly, in connection with offering mortgage refinancing may not misrepresent, or assist others in misrepresenting, expressly or impliedly:

    a.    the future principal owed on a consumer's existing mortgage loan;

    b.    the future monthly payments owed on a consumer's existing mortgage loan;

    c.    the future principal a consumer would owe on a refinanced mortgage loan; or

    d.    the future monthly payments a consumer would owe on a refinanced mortgage loan.

### II. Compliance Plan

**IT IS FURTHER ORDERED** that:

8.    Within 30 days of the Effective Date, Defendant must submit to the Enforcement Director for review and determination of non-objection a comprehensive compliance plan

designed to ensure that Defendant's conduct complies with all applicable laws that the Bureau enforces and the terms of this Order (Compliance Plan). The Compliance Plan must include, at a minimum:

     a.    detailed steps for addressing each action required by this Order;

     b.    a proposal for training that will be provided to Defendant's loan officers designed to ensure that they comply with the CFPA's prohibition on deceptive acts and practices and the terms of this Order; and

     c.    specific timeframes and deadlines for implementation of the steps described above.

9. The Enforcement Director will have the discretion to make a determination of non-objection to the Compliance Plan or direct Defendant to revise it. If the Enforcement Director directs Defendant to revise the Compliance Plan, Defendant must make the revisions and resubmit the Compliance Plan to the Enforcement Director within 30 days.

10. After receiving notification that the Enforcement Director has made a determination of non-objection to the Compliance Plan, Defendant must implement and adhere to the steps, recommendations, deadlines, and timeframes outlined in the Compliance Plan.

## MONETARY PROVISIONS

### III. Order to Pay Redress

**IT IS FURTHER ORDERED** that:

11. Within 30 days of the Effective Date, Defendant must reserve or deposit into a segregated deposit account $268,869 for the purpose of providing redress to Affected Consumers as required by this Section.

12.     Within 30 days of the Effective Date, Defendant must submit to the Enforcement Director for review and non-objection a comprehensive written plan for providing redress consistent with this Order (Redress Plan). The Enforcement Director will have the discretion to make a determination of non-objection to the Redress Plan or direct Defendant to revise it. If the Enforcement Director directs Defendant to revise the Redress Plan, Defendant must make the revisions and resubmit the Redress Plan to the Enforcement Director within 5 days. After receiving notification that the Enforcement Director has made a determination of non-objection to the Redress Plan, Defendant must implement and adhere to the steps, recommendations, deadlines, and timeframes outlined in the Redress Plan.

13.     The Redress Plan must provide to each Affected Consumer a cash refund of all Fees paid to Defendant in connection with the refinancing of a mortgage.

14.     After completing the Redress Plan, if the amount of redress provided to Affected Consumers is less than $268,869, within 30 days of the completion of the Redress Plan, Defendant must pay to the Bureau, by wire transfer to the Bureau or to the Bureau's agent, and according to the Bureau's wiring instructions, the difference between the amount of redress provided to Affected Consumers and $268,869.

15.     The Bureau may use these remaining funds to pay additional redress to Affected Consumers. If the Bureau determines, in its sole discretion, that additional redress is wholly or partially impracticable or otherwise inappropriate, or if funds remain after the additional redress is completed, the Bureau will deposit any remaining funds in the United States Treasury as disgorgement. Defendant will have no right to challenge any actions that the Bureau or its representatives may take under this Section.

16.     Defendant may not condition the payment of any redress to any Affected

Consumer under this Order on that Affected Consumer waiving any right.

### IV. Order to Pay Civil Money Penalties

**IT IS FURTHER ORDERED** that:

17.     Under § 1055(c) of the CFPA, 12 U.S.C. § 5565(c), by reason of the violations of

law alleged in the Complaint and taking into account the factors in 12 U.S.C. § 5565(c)(3),

Defendant must pay a civil money penalty of $260,000 to the Bureau.

18.     Within 30 days of the Effective Date, Defendant must pay $130,000 of the civil

money penalty, and within 60 days of the Effective Date, Defendant must pay the remaining

$130,000 of the civil money penalty. These payments must be made by wire transfer to the

Bureau or to the Bureau's agent in compliance with the Bureau's wiring instructions.

19.     The civil money penalty paid under this Order will be deposited in the Civil

Penalty Fund of the Bureau as required by § 1017(d) of the CFPA, 12 U.S.C. § 5497(d).

20.     Defendant must treat the civil money penalty paid under this Order as a penalty

paid to the government for all purposes. Regardless of how the Bureau ultimately uses those

funds, Defendant may not:

      a.     claim, assert, or apply for a tax deduction, tax credit, or any other tax

      benefit for any civil money penalty paid under this Order; or

      b.     seek or accept, directly or indirectly, reimbursement or indemnification

      from any source, including but not limited to payment made under any insurance policy,

      with regard to any civil money penalty paid under this Order.

## V. Additional Monetary Provisions

**IT IS FURTHER ORDERED** that:

21.    In the event of any default on Defendant's obligations to make payment under this Order, interest, computed under 28 U.S.C. § 1961, as amended, will accrue on any outstanding amounts not paid from the date of default to the date of payment and will immediately become due and payable.

22.    Defendant must relinquish all dominion, control, and title to the funds paid under this Order to the fullest extent permitted by law, and no part of the funds may be returned to Defendant.

23.    In any proceeding based on the entry of the Order, or in any subsequent civil litigation by or on behalf of the Bureau, including in a proceeding to enforce its rights to any payment or monetary judgment under this Order, such as a nondischargeability complaint in any bankruptcy case, the facts alleged in the Complaint will be taken as true and be given collateral-estoppel effect, without further proof.

24.    The facts alleged in the Complaint establish all elements necessary to sustain an action by the Bureau under § 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and for such purposes this Order will have collateral-estoppel effect against Defendant, even in Defendant's capacity as debtor-in-possession.

25.    Under 31 U.S.C. § 7701, Defendant, unless it already has done so, must furnish to the Bureau its taxpayer-identifying numbers, which may be used for purposes of collecting and reporting on any delinquent amount arising out of this Order.

26.    Within 30 days of the entry of a final judgment, order, or settlement in a Related Consumer Action, Defendant must notify the Enforcement Director in writing of the final

judgment, order, or settlement. That notification must indicate the amount of redress, if any, that Defendant paid or is required to pay to consumers and describe the consumers or classes of consumers to whom that redress has been or will be paid.

27.     To preserve the deterrent effect of the civil money penalty in any Related Consumer Action, Defendant may not argue that it is entitled to, nor may Defendant benefit by, any offset or reduction of any monetary remedies imposed in the Related Consumer Action because of the civil money penalty paid in this action. If the court in any Related Consumer Action offsets or otherwise reduces the amount of compensatory monetary remedies imposed against Defendant based on the civil money penalty paid in this action or based on any payment that the Bureau makes from the Civil Penalty Fund, Defendant must, within 30 days after entry of a final order granting such offset or reduction, notify the Bureau and pay the amount of the offset or reduction to the United States Treasury. Such a payment will not be considered an additional civil money penalty and will not change the amount of the civil money penalty imposed in this action.

## COMPLIANCE PROVISIONS

## VI. Reporting Requirements

**IT IS FURTHER ORDERED** that:

28.     Defendant must notify the Bureau of any development that may affect compliance obligations arising under this Order, including but not limited to a dissolution, assignment, sale, merger, or other action that would result in the emergence of a successor company; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order; the filing of any bankruptcy or insolvency proceeding by or against Defendant; or a change in Defendant's name or address. Defendant must provide this notice at least 30 days

before the development or as soon as practicable after the learning about the development, whichever is sooner.

29. Within 7 days of the Effective Date, Defendant must:

a. designate at least one telephone number and email, physical, and postal address as points of contact, which the Bureau may use to communicate with Defendant;

b. identify all businesses for which Defendant is the majority owner, or that Defendant directly or indirectly controls, by all of their names, telephone numbers, and physical, postal, email, and Internet addresses;

c. describe the activities of each such business, including the products and services offered, and the means of advertising, marketing, and sales.

30. Defendant must report any change in the information required to be submitted under Paragraph 29 at least 30 days before the change or as soon as practicable after the learning about the change, whichever is sooner.

31. Within 90 days of the Effective Date, Defendant must submit to the Enforcement Director an accurate written compliance progress report sworn to under penalty of perjury (Compliance Report), which, at a minimum:

a. lists each applicable paragraph and subparagraph of the Order and describes in detail the manner and form in which Defendant has complied with each such paragraph and subparagraph of this Order; and

b. attaches a copy of each order acknowledgment obtained under Section VII, unless previously submitted to the Bureau.

## VII. Order Distribution and Acknowledgment

**IT IS FURTHER ORDERED** that:

32.     Within 7 days of the Effective Date, Defendant must submit to the Enforcement Director an acknowledgment of receipt of this Order, sworn under penalty of perjury.

33.     Within 30 days of the Effective Date, Defendant must deliver a copy of this Order to each of its board members and executive officers, as well as to any managers, employees, Service Providers, or other agents and representatives who have responsibilities related to the subject matter of the Order.

34.     For 5 years from the Effective Date, Defendant must deliver a copy of this Order to any business entity resulting from any change in structure referred to in Section VI, any future board members and executive officers, as well as to any managers, employees, and contractors who will have responsibilities related to the subject matter of the Order before they assume their responsibilities.

35.     Defendant must secure a signed and dated statement acknowledging receipt of a copy of this Order, ensuring that any electronic signatures comply with the requirements of the E-Sign Act, 15 U.S.C. § 7001 et seq., within 30 days of delivery, from all persons receiving a copy of this Order under this Section.

## VIII. Recordkeeping

**IT IS FURTHER ORDERED** that:

36.     Defendant must create, for at least 5 years from the Effective Date, all documents and records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Bureau. Defendant must retain these documents for at least 5 years after creation and make them available to the Bureau upon the Bureau's request.

37. Defendant must maintain, for at least 5 years from the Effective Date, or 5 years after creation, whichever is longer, copies of all sales scripts, training materials, advertisements, websites, and other marketing materials relating to the subject of this Order, including any such materials used by a third party on Defendant's behalf. Defendant must make these materials available to the Bureau upon the Bureau's request.

## IX. Notices

**IT IS FURTHER ORDERED** that:

38. Unless otherwise directed in writing by the Bureau, Defendant must provide all submissions, requests, communications, or other documents relating to this Order in writing, with the subject line, "In re Village Capital & Investment LLC, ENF Matter No. 2018-1920-02," and send them by overnight courier or first-class mail to the below address and contemporaneously by email to Enforcement_Compliance@cfpb.gov:

Assistant Director for Enforcement
Bureau of Consumer Financial Protection
ATTENTION: Office of Enforcement
1700 G Street, N.W.
Washington D.C. 20552.

## X. Cooperation with the Bureau

**IT IS FURTHER ORDERED** that:

39. Defendant must cooperate fully to help the Bureau determine the identity and location of, and the amount of injury sustained by, each Affected Consumer. Defendant must provide such information in its or its agents' possession or control within 14 days of receiving a written request from the Bureau.

40. Defendant must cooperate fully with the Bureau in this matter and in any investigation related to or associated with the conduct described in the Complaint. Defendant

must provide truthful and complete information, evidence, and testimony. Defendant must cause Defendant's officers, employees, representatives, or agents to appear for interviews, discovery, hearings, trials, and any other proceedings that the Bureau may reasonably request upon 10 days written notice, or other reasonable notice, at such places and times as the Bureau may designate, without the service of compulsory process.

## XI. Compliance Monitoring

**IT IS FURTHER ORDERED** that:

41.     Within 14 days of receipt of a written request from the Bureau, Defendant must submit additional compliance reports or other requested non-privileged information related to requirements of this Order, which must be sworn under penalty of perjury; provide sworn testimony related to requirements of this Order and Defendant's compliance with those requirements; or produce non-privileged documents related to requirements of this Order and Defendant's compliance with those requirements.

42.     Defendant must permit Bureau representatives to interview about the requirements of this Order and Defendant's compliance with those requirements any employee or other person affiliated with Defendant who has agreed to such an interview. The person interviewed may have counsel present.

43.     Nothing in this Order will limit the Bureau's lawful use of compulsory process, under 12 C.F.R. § 1080.6.

## XII. Retention of Jurisdiction

**IT IS FURTHER ORDERED** that:

      44.    The Court will retain jurisdiction of this matter for the purpose of enforcing this Order.

**IT IS SO ORDERED:**

_____
UNITED STATES DISTRICT JUDGE

December 21, 2018
DATED: _____